**In re Michael F. CURRY, Debtor.**

**Bankruptcy No. 87–02256–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 20, 1987.

Michael F. Curry, pro se.

Edward J. Waldron, Coral Gables, Fla., for debtor.

The Roth Trustee Corp., Miami, Fla., for all creditors.

## ORDER DENYING CONFIRMATION

THOMAS C. BRITTON, Chief Judge.

This debtor's chapter 13 plan provides monthly payments of $125 for three years to the trustee which amounts to 26% payment of his unsecured creditors without interest. There are 11 unsecured creditors including three disputed accounts for which no value is stated and, therefore, are not considered in the foregoing estimated distribution.

In his disclosure of his income, the debtor states that he has deducted $103 as a payroll deduction for:

"tithe to church deducted from pay."

This voluntary charitable contribution represents almost half of this debtor's disposable income after payment of his necessary living expenses.

The debtor is an ordained minister employed as a teacher by a church. The charitable contribution withheld from his salary as a voluntary payroll deduction is paid to his employer. It is not suggested that the deduction is required by the employer nor that the deduction is a device to divert income through the church to the debtor. I do not question the information set forth in the debtor's Chapter 13 statement nor the sincerity of his religious convictions. I understand that this charitable deduction, in the form of a payroll deduction, was in effect before bankruptcy.

A debtor's plan may not be confirmed unless this court finds that "the plan has been proposed in good faith". 11 U.S.C. § 1325(a)(3). I cannot make that finding in this case. Good faith requires, at least, that the debtor is willing to pay to the trustee for the benefit of his creditors all of his disposable income after provision for his necessary and reasonable living expenses and a reasonable contingency. A charitable contribution, at least to the de-

gree provided in this case, does not constitute a reasonably necessary living expense. The effect of such a deduction is to permit the debtor to require that *his creditors* contribute to his chosen charity. I do not believe that the statute contemplates such a result nor do I consider that I have discretion to permit this debtor to achieve that result.

I do not overlook the fact that there are published opinions by several of my colleagues who have reached a contrary result. Nor have I overlooked the fact that Official Form 10, authorized by B.R. 9009, provides a space to list "religious and other charitable contributions" in the debtor's budget, item 4(b)(15). The Official Forms do not override the statute. They were not approved by Congress nor by the Rules Committee. Therefore, they provide no indication of legislative intent. The Forms, though prescribed by the Judicial Conference (B.R. 9009) do not, I take it, constitute judicial precedent that religious and charitable contributions may, in effect, be imposed by a chapter 13 debtor upon his creditors.

The Confirmation of the debtor's plan is denied. The debtor is granted leave to amend his plan to increase his monthly payment in the amount of $103, the voluntary payroll deduction presently provided for the benefit of his employer church. In all other respects, the plan meets the requirements for confirmation.

When informed of this court's conclusions and the option to amend, the debtor elected under § 1307(a) to convert this case to a chapter 7 liquidation. By a separate order that election is recognized.