**In re James Caird BURT, a/k/a Dr. James Caird Burt, Debtor.**

**Janet PHILLIPS, et al., Plaintiffs,**

v.

**James Caird BURT, M.D., Defendant.**

**Bankruptcy No. 92–13169–9P7.
Adv. No. 93–0018.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 15, 1995.

James Caird Burt, Ft. Myers, FL, pro se.

**ORDER ON MOTION FOR SANCTIONS**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed adversary proceeding initially instituted by Janet Phillips and numerous other parties (Plaintiffs), all former patients of Dr. James Caird Burt (Debtor). The claims asserted by the Plaintiffs in their adversary proceeding involved their attempt to obtain a determination from this Court that the liability of the Debtor, represented by a Final Judgment entered in favor of Janet Phillips against the Debtor in the amount of $5,000,000 (Five Million Dollars) by the Common Pleas Court of Montgomery County in the State of Ohio, be excepted from the overall protection of the general discharge. The Plaintiffs in their complaint as amended asserted a claim of non-dischargeability under Section 523(a)(2)(A) and Section 523(a)(6) of the Bankruptcy Code.

In due course the Debtor, who appeared pro se, filed his Answer and a counterclaim, which immediately triggered a flurry of activity and numerous memoranda and pleadings, few of them relevant. The Debtor's counterclaim was dismissed and after several pre-trial conferences both the Plaintiffs and the Defendant filed motions for summary judgment. On December 30, 1993, the Court entered a series of Orders denying the respective Motions for Summary Judgment, granting the Plaintiffs' oral Motion to Amend their Complaint, and scheduling the trial of this matter for March 3, 1994. On February 23, 1994, this Court entered a further Order concluding a Status Conference which rescheduled the final evidentiary hearing to be held March 4, 1994. Because of the responses filed by the Debtor to the Plaintiffs' Amended Complaint, however, the trial was cancelled and a Status Conference was again scheduled for April 7, 1994. On February 28, 1994, Ms. Woodruff, who previously had filed her notice of appearance on behalf of the Plaintiffs on December 22, 1993, filed her motion to withdraw as co-counsel.

On March 1, 1994, the Plaintiffs and the Defendant filed a stipulation and agreed to the dismissal of the adversary proceeding. On March 4, 1994, this Court entered an order granting Ms. Woodruff's Motion to Withdraw, and on March 29, 1994, the Court granted the Motion and approved the Stipulation for Dismissal and dismissed the adversary proceeding.

On August 12, 1994, the Debtor filed a Motion to Reopen the case in order to file a motion for sanctions, and on the same day also filed a Motion for Sanctions in the adversary proceeding. The Motion requests that sanctions be imposed against the Plaintiffs individually; against Mary Lee Gill Sambol, the attorney who represented the Plaintiffs in Ohio; against Brian R. Bartos, the Florida attorney who initially filed the Complaint commencing this adversary proceeding; and against Patti W. Woodruff, the attorney who was engaged by Mr. Bartos to assist with the adversary proceeding. On September 19, 1994, Ms. Woodruff on her own behalf filed a Motion to Strike the Motion for Sanctions, as did the Plaintiffs, Ms. Sambol, and Mr. Bartos who also filed a separate Motion to Strike or For More Definite Statement. On October 12, 1994, the Debtor filed his Opposition to the Motions to Strike and requested the issuance of an order to show cause based on his Motion to Impose Sanctions. On November 2, 1994, this Court issued an Order to

Show Cause directing Ms. Sambol, Ms. Woodruff and Mr. Bartos to appear on December 8, 1994, to show cause, if they have any, why they should not be sanctioned for violations of Rule 9011 and 28 U.S.C. Section 1927. On November 18, 1994, Ms. Sambol filed a Motion to Dismiss the Order to Show Cause based on lack of jurisdiction over her, and on December 5, 1994, the Debtor filed an Opposition to the Motion to Dismiss.

This is the basic procedural background of the immediate matters under consideration, which are the Debtor/Defendant's Motion to Impose Sanctions; the Plaintiffs' Motions to Strike the Motion for Sanctions filed by Ms. Woodruff and by Mr. Bartos, and Ms. Sambol; the Orders to Show Cause directed to the three Respondents; the Motion to Dismiss the Order to Show Cause for lack of personal jurisdiction filed by Ms. Sambol; and all the opposition papers to the various motions filed by the Debtor who also filed a document entitled: Opposition of Former Debtor James C. Burt, M.D., to Motion to Dismiss "O.S.C." Against Marylee Gill Sambol Due to Failure of Jurisdiction; *Request for Finding of Contempt* (If Ms. Sambol Defies the Court's Order Directing Her to Appear).

The Motion for Sanctions filed by the Debtor is based on alleged violations of Rule 9011 of the Federal Rules of Bankruptcy Procedure (FRBP) and 28 U.S.C. § 1927. In addition, the Debtor also charges "the Plaintiffs through and with the assistance of their attorneys," with violations of 18 U.S.C. § 152, and asserts that the Plaintiffs and their attorneys made a false oath, a false declaration, or a false certificate, verification or statement under penalty of perjury; that they knowingly and fraudulently presented a false claim against the estate of the Debtor; and lastly, that they knowingly and fraudulently attempted to obtain money, remuneration, compensation, reward or advantage, for acting or forbearing to act in a case under Title 11, all in violation of 18 U.S.C. § 152 et seq. of the Criminal Code of the United States. The Debtor in his Motion, which is replete with a totally irrelevant recitation of facts consisting of 31 pages, seeks the imposition of sanctions by way of money sanctions

upon Ms. Sambol, and also upon "Plaintiff's Florida Counsel and Florida Co–Counsel," jointly and severally if appropriate. In addition, the Debtor asks this Court to refer any evidence of the false claims and other "criminal improprieties" which "may come to the attention of the Court" to the United States Attorney for the Middle District of Florida. In addition, the Debtor requests the Court to refer the matter to the Bar Associations with authority over the individual attorneys for investigation and action by the appropriate disciplinary and/or grievance authorities. Further, the Debtor requests permission to prepare an accounting of the reasonable value of the actual work expended by him and the actual costs and expenditures incurred. Lastly, the Debtor seeks an award of punitive damages.

### ALLEGED VIOLATIONS
### OF 18 U.S.C. Sec. 152

■ It cannot be gainsaid that there is a specific statutory basis to report to the appropriate United States Attorney if it appears or there is reason to believe that any violation of 18 U.S.C. Sec. 151 et seq. occurred relating to insolvent debtors, receiverships, or reorganization plans. 18 U.S.C. Sec. 3057 requires a judge, receiver, or trustee to report the facts and circumstances, the names of the witnesses, and the offense or offenses believed to have been committed, and to request an investigation.

The allegations by the Debtor that Ms. Sambol, Mr. Bartos and Ms. Woodruff (collectively referred to as Respondents) committed a crime by violating 18 U.S.C. Sec. 151 et seq. is based on four out of the nine specific acts described in the Statute, without specifying one single fact and without specifying which of the violations was committed by which of the Respondents. Moreover, this record is utterly void of any evidence which possibly could be the basis to form a reasonable belief that a violation of any of the provisions of 18 U.S.C. Sec. 152 was committed by any of the Respondents.

Based on the foregoing, this Court is satisfied that there is no basis whatsoever to report to and request an investigation by the United States Attorney. Nor is there a basis to report this matter to the disciplinary arm

of the Florida Bar. Therefore, both requests should be denied.

## MOTION TO IMPOSE SANCTIONS PURSUANT TO 28 U.S.C. Sec. 1927

■ The Debtor first seeks to impose sanctions based on 28 U.S.C. § 1927, which provides:

### § 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In the past, courts generally have not agreed on the applicability of this Statute to proceedings in Bankruptcy Courts. In the case of *Knepper v. Skekloff,* 154 B.R. 75 (N.D.Ind. 1993) and the case of *In re Chicago Midwest Donut, Inc.,* 82 B.R. 943 (Bankr.N.D.Ill. 1988), both courts held that the Bankruptcy Court has jurisdiction to award sanctions under this Statute. In the case of *Regensteiner Printing Co. v. Graphic Color Corp.,* 142 B.R. 815 (N.D.Ill.1992) and *Matter of Richardson,* 52 B.R. 527 (Bankr.W.D.Mo. 1985), these Courts held that the Bankruptcy Court is not a "court of the United States," so that it has no authority to impose sanctions under this Statute.

On November 18, 1994, the Tenth Circuit in the case of *Jones v. Bank of Santa Fe (In re Courtesy Inns),* 40 F.3d 1084, (1994) not yet generally reported, agreed with the latter position and held that the Bankruptcy Court has no jurisdiction to award sanctions pursuant to 28 U.S.C. § 1927. Although the Tenth Circuit recognized the Court's inherent power under Section 105(a) to authorize the imposition of sanctions on the president of a corporate debtor where the Court found that the filing was purely for an improper purpose, this Court is in agreement with the decision of the Tenth Circuit and is satisfied that by virtue of the definition of the Bankruptcy Court as now stated in 28 U.S.C. Sec. 151, the Bankruptcy Court is a "unit" of the District Court and is not an independent court of the United States.

■ Further, although it is well-established that the Bankruptcy Court has an inherent power and power pursuant to Section 105 of the Bankruptcy Code to issue such orders as may be necessary or appropriate to carry out the provisions of Title 11, neither the inherent power nor Section 105 would warrant any relief to the Debtor for the following reasons: First, none was requested under § 105; and second because the power under § 105 is not an independent source of power, but can only be used to assist in carrying out other provisions of the Code. This adversary proceeding was reopened for the limited purpose to consider the Motion for Sanctions filed by the Debtor. In addition, there is nothing which remains to be done in the Chapter 7 case proper. Consequently, the Motion for Sanctions should be denied to the extent that it seeks relief under 28 U.S.C. Sec. 1927, or any sanctions pursuant to either § 105 of the Code or the inherent powers of the Court.

## MOTION TO IMPOSE SANCTIONS PURSUANT TO FRBP 9011

The next basis for sanctions sought by the Debtor is FRBP 9011, the Rule which is entitled "Signing and Verification of Papers." In subclause (a) entitled "Signature," the Rule requires that every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, with some exceptions not relevant here, shall be signed by at least one attorney of record in the attorney's individual name, stating his office address and telephone number. The Rule provides that the signature of an attorney constitutes a certificate that the attorney read the document; that to the best of the attorney's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that the submission was not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless

increase in the cost of litigation or the administration of the case.

The Rule further provides that if a document is not signed it shall be stricken, but if the document is signed in violation of the Rule, the Court on motion or on its own initiative shall impose on the person who signed it, an appropriate sanction. An appropriate sanction may include an order to pay to the other party the amount of reasonable expenses incurred because of the filing of the document which violated the Rule, including reasonable attorney's fees.

From the foregoing it is evident that before this Court can find a violation of this Rule against an attorney, it must be determined that (1) there is a document; (2) the document was signed by the attorney; (3) the document is not well grounded in fact or is not warranted by existing law or the extension of existing law; (4) or the document was interposed for an improper purpose, such as to harass, or cause unnecessary delay, or increase the cost of litigation or the administration of the case.

## SANCTIONS AGAINST MS. SAMBOL BASED ON FRBP 9011

■ The docket in this adversary proceeding contains 84 docket entries. Out of the 84 docket entries, there is not a single document which was signed by Ms. Sambol, with the exception of the Motion to Dismiss the Order to Show Cause (Document # 82). A careful perusal of her Motion leaves no doubt that Ms. Sambol has never been licensed to practice law in the State of Florida; has never represented any of the Plaintiffs in this adversary proceeding; and has never signed any pleadings or papers in this action other than the Motion to Dismiss. Before a violation of FRBP 9011 may be found there must be a document signed by the respondent which violated the Rule by his or her signature. Based on the foregoing it is evident that the Debtor's Motion To Impose Sanctions against Ms. Sambol is meritless and should be denied.

In light of the foregoing, it is unnecessary to consider her jurisdictional challenge, although it should be noted that with the exception of filing a Motion to Dismiss for Lack of Jurisdiction she never appeared either in the main case or in the adversary proceeding. Thus, this Court's jurisdiction over her is highly doubtful.

## SANCTIONS AGAINST THE PLAINTIFFS INDIVIDUALLY PURSUANT TO FRBP 9011

■ As stated above, in order to determine that a violation of FRBP 9011 has occurred, a document must exist which was signed by the party to be charged under the Rule. In this case, of course, the Plaintiffs did not individually sign any papers or pleadings filed in this Court. Instead, all of the operative papers filed in the case were signed by Mr. Bartos who never had any direct contact with the individual Plaintiffs. The individual Plaintiffs never instructed the local attorneys to file the papers, and never provided the local attorneys with any information to include in the papers. Under these circumstances, the Plaintiffs cannot be sanctioned under any other theory and the Debtor's Motion to Impose Sanctions against the Plaintiffs individually is without merit and should be denied.

## SANCTIONS AGAINST MR. BARTOS PURSUANT TO FRBP 9011

■ The record reveals that Mr. Bartos signed the following documents: the original Complaint filed on January 11, 1993 (Document # 1); Motion to Amend Complaint filed on March 16, 1993 (Document # 7) and a Memorandum in Support of the Motion signed on the same date; Motion entitled "Motion to Drop Plaintiff Lee Sambol" and a Memorandum in support of the same Motion (Document # 9); Motion to Dismiss Defendant's Counterclaim (Document # 11); Memorandum of Law in Support of Motion to Dismiss Counterclaim (Document # 12); Motion for Summary Judgment (Document # 35); Notice of Filing Transcript (Document # 36); Stipulation for Dismissal (Document # 64); Motion for Approval of Stipulation to Dismiss (Doc. # 65); Motion to Strike and for More Definite Statement (Document # 75).

It is without dispute that Mr. Bartos signed the documents recited above. It is also without doubt and it is admitted that

Mr. Bartos had no personal contact with any of the Plaintiffs on whose behalf he filed the complaint. It appears that Mr. Bartos was initially contacted by Ms. Sambol's co-counsel in the Ohio litigation against the Debtor, the law firm of Pigallis & Wachsman. From the foregoing it is clear that Mr. Bartos with his signature on the Complaint certified that he is counsel of record for the Plaintiffs, with whom he had no contact whatsoever and none of whom engaged his services. It is evident that the Complaint filed by Mr. Bartos was solely based on the documents in the Ohio litigation, the Complaint filed in the state court, a portion of the trial transcript, and possibly some communication with Ms. Sambol. It is evident from the foregoing that the ultimate question concerning the Motion for Sanctions boils down to the following: 1) Did Mr. Bartos violate Rule 9011 by certifying that he is the authorized counsel of record for the Plaintiffs or for any of them; and (2) were the allegations contained in the Complaint filed by him well grounded in fact or ascertained after reasonable inquiry and warranted by existing law?

The answer to the first question could be in the negative if one accepts the proposition that an attorney may file a complaint on behalf of a Plaintiff or Plaintiffs when the attorney had no contact with the client and has not been retained by the client, but filed the complaint at the request of an attorney who was retained by and represented the clients. Extensive research failed to disclose any authority squarely on point. Be that as it may, the question is whether the attorney has authority to represent the client, and this court is satisfied that as long as the forwarding attorney has the authority to file the complaint, this authority may be delegated to local counsel who actually files the complaint, and the local attorney may do so without violating Rule 9011 or any provisions of the Rules governing professional responsibility.

■ The answer to the second question, however, is a horse of a different color at least in part. Mr. Bartos claims that he did conduct a reasonable inquiry before he filed the complaint by perusing the pertinent part of the Ohio malpractice action filed by Ms. Phillips, including the testimony of the medi-cal expert, the pleadings, and the verdict of the jury. Assuming for the purpose of discussion that the information gained from these documents was sufficient to support the allegations set forth in the Complaint in certain respects, this would save the day for Mr. Bartos only concerning the Complaint filed on behalf of Ms. Phillips, but it would not as to the other Plaintiffs named in the Complaint. This is so because while the case by Ms. Phillips was tried and the jury awarded her a Judgment based on the allegations in the Complaint and the evidence presented, nothing was resolved concerning the claims of the other Plaintiffs whose malpractice action was never tried. Thus there is no doubt that Mr. Bartos failed to ascertain the facts stated in the Complaint after reasonable inquiry on behalf of the other Plaintiffs, and even if he had the benefit of a copy of their complaint filed in Ohio, that would not have satisfied the duty imposed by the Rule to conduct a reasonable inquiry. The reliance of Mr. Bartos on the allegations asserted by the other Plaintiffs is insufficient to satisfy the standard of reasonable inquiry mandated by the Rule. Even when relying on the information furnished by the forwarding counsel, he or she must obtain knowledge or facts independently that are adequate to allow him or her to certify that the signed pleading is well grounded in fact. An attorney who signs a pleading may not rely on previous counsel to satisfy his obligation to perform a reasonable inquiry. *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 558 (9th Cir.1986). The total lack of inquiry by Mr. Bartos further is illustrated by the fact that Mr. Bartos even named Ms. Sambol as a Plaintiff in the original Complaint.

## SANCTIONS AGAINST MS. WOODRUFF PURSUANT TO FRBP 9011

■ The record reveals that Ms. Woodruff signed the following documents: Notice of Appearance and Request for Service (Document # 37); First Amended Complaint (Document # 49); Motion to Strike and for Sanctions (Document # 54); and Motion to Withdraw as Counsel (Document # 63). Ms. Woodruff is even in a more awkward position than Mr. Bartos who at least had contact with Ms. Sambol and she is thus further

removed from the Plaintiff, who she claimed to have represented, albeit for a very short time. As with Mr. Bartos, she may possibly have the benefit of the records from the litigation involving Janet Phillips, but had no justification to rely on information concerning the other Plaintiffs.

It is noted that Ms. Woodruff appeared in the case for a period of only nine weeks, and that she states in her Motion to Withdraw that she had attempted to obtain access to the Plaintiffs, although these attempts were unsuccessful and ultimately resulted in her request to withdraw as counsel. Nevertheless, this Court is satisfied that Ms. Woodruff failed to conduct a reasonable inquiry prior to signing the Amended Complaint, at least concerning the other Plaintiffs, and therefore violated Rule 9011.

### SANCTIONS

In sum, this Court is satisfied that Mr. Bartos and Ms. Woodruff did in fact violate FRBP 9011. Thus, according to the Rule, the imposition of a sanction is mandatory. See *In re Ksenzowski,* 56 B.R. 819, 834 (Bankr.E.D.N.Y.1985). However, this presents an additional problem due to the fact that the Debtor has no attorney and appeared pro se in this case and in the adversary proceeding, so that this Court cannot award by way of sanctions any reasonable attorney's fees. Neither is the Debtor entitled to be compensated for loss of income or loss of wages, simply because the Debtor is retired and. ostensibly his sole income is retirement or Social Security benefits. Even assuming that the violation by Mr. Bartos and Ms. Woodruff was outrageous, a point not conceded, the Rule does not provide for punitive damages. Thus, under the circumstances, there is no basis to grant a monetary award to the Debtor. This leaves for consideration what other sanctions, if any, would be appropriate as established under this Rule.

Subparagraph (a) of Rule 9011 provides only that an "appropriate" sanction must be imposed after it has been determined that a violation of the Rule occurred. The Advisory Committee Notes following Rule 9011 state that the subparagraph authorizes a "broad range" of sanctions. Like-

wise, the Notes following Rule 11 of the Federal Rules of Civil Procedure, which is the counterpart of Bankruptcy Rule 9011, state that the Court "retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case." See *In re Haardt,* 77 B.R. 476, 482 (Bankr. E.D.Pa.1987) (Courts may consider the various purposes of the rule in exercising their discretion in fashioning sanctions.)

Having considered the totality of the circumstances in this case, the Court determines that an appropriate sanction based on the facts and the record consists of a public reprimand, to be conducted in chambers as set forth hereafter. Accordingly, the Debtor/Defendant's Motion for Sanctions should be granted to the extent that Mr. Bartos and Ms. Woodruff shall be directed to appear in chambers and receive an appropriate reprimand.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Motion for Post–Dismissal Sanctions filed by the Debtor/Defendant be, and the same is hereby, granted to the extent that Brian R. Bartos and Patti W. Woodruff are directed to appear before the undersigned on March 17, 1995 at 8:30 a.m. to receive an appropriate reprimand for their violations of Rule 9011 of the Federal Rules of Bankruptcy Procedure. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Post Dismissal Sanctions be, and the same is hereby, denied in all other respects. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Strike the Motion for Post–Dismissal Sanctions filed by Patti W. Woodruff, and the Motion to Strike or for More Definite Statement of Motion for Post–Dismissal Sanctions filed by the Plaintiff, Mary Lee Sambol, and Brian Bartos, be, and the same are hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Order to Show Cause directed to Mary Lee Sambol is hereby discharged. It is further

ORDERED, ADJUDGED AND DE-CREED that the Order to Show Cause directed to Brian R. Bartos and the Order to Show Cause directed to Patti W. Woodruff be, and the same are hereby, executed as set forth above.  It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss the Order to Show Cause for lack of personal jurisdiction filed by Mary Lee Sambol be, and the same is hereby, denied as moot.

DONE AND ORDERED.