**In re Paul A. BILZERIAN, Debtor.**

**James C. ORR, as Chapter 7 Trustee for the Estate of Paul A. Bilzerian, BPLP–I, a Florida Limited Partnership, and Singer Furniture Acquisition Corporation, a Florida corporation, Plaintiffs,**

v.

**SSMC, N.V., a Netherlands Antilles Corporation, Defendant.**

**Bankruptcy No. 91–10466–8P7.
Adversary No. 93–822.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 23, 1996.

Stephen L. Meininger, Tampa, Florida, for Orr, BPLP–I.

Donald H. Whittemore, Tampa, Florida, for SFAC.

Steven M. Berman, Tampa, Florida, John L. Gardiner, New York City, for Defendant.

## ORDER GRANTING IN PART TRUSTEE'S MOTION FOR ATTORNEY'S FEES, COSTS AND/OR OTHER SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a duly noticed hearing on a Motion for Attorney's Fees, Costs and/or Other Sanctions filed by James C. Orr, the Trustee (Trustee) against SSMC, N.V., (SSMC) and/or its counsel in the above-captioned Adversary Proceeding. The Motion seeks relief under Federal Rule of Civil Procedure 56(g), applicable through Bankruptcy Rule 7056, Federal Rule of Civil Procedure 11, Bankruptcy Rule 9011, 28 U.S.C. § 1927 and the inherent power of the Court. The Trustee contends that the affidavit of Dr. Frank Holmes submitted on behalf of SSMC in opposition to a Motion for Summary Judgment filed in the above-captioned Adversary Proceeding was materially false and misleading. The facts which are relevant to the resolution of the Motion under consideration are as follows.

On June 28, 1994, the Trustee moved for Summary Judgment. In due course, SSMC filed a Cross–Motion for Summary Judgment. This Court entered an Order on the Cross–Motions for Summary Judgment and a Final Judgment in favor of SSMC on August 17, 1994. The main issue in the Motions for

Summary Judgment was whether Semi–Tech Microelectronics Far East Limited's (STM) banks had approved its purchase of the preferred shares from Bicoastal Corporation pursuant to an Amended Settlement Agreement which this Court had approved by Order dated October 17, 1990. The Amended Settlement Agreement required that SSMC make its best efforts to obtain bank approval for acquisition of the preferred shares, which was a condition precedent to releasing Paul A. Bilzerian, Debtor, from his guaranty obligation. Based on the undisputed facts which appear from the record and the affidavits on file, this Court concluded in its Order on Cross–Motions for Summary Judgment that "It is without dispute that the approval of the banks, as required by the Settlement Agreement, was never obtained."

According to the Trustee, the affidavit of Dr. Frank Holmes, the executive vice-president and director of SSMC, which was incorporated by reference in SSMC's Cross–Motion for Summary Judgment, was materially false and acted as a fraud upon this Court. The Trustee relies on the following portion of the affidavit:

> 19. Despite its best efforts, STM did not gain the approval of its banks to acquire the Additional SSMC Preferred Shares and the Settlement Agreement thus was rendered null and void and disapproved by the Court ... Bicoastal was well aware of the efforts made by STM to obtain its bank's approval for the purchase of the Additional SSMC Preferred Shares and that despite such efforts the approval was not forthcoming.

While it is without dispute that Dr. Holmes did not personally seek bank approval, it is also clear and without dispute that he immediately turned over responsibility to seek bank approval to Mr. James Ting, who was located in Hong Kong near the banks (Trustee's Exh. 6, Holmes Depo., page 312; litigation in the U.S.Dist.Ct. for the W.D.VA).

Mr. Ting testified that he did not personally seek the banks' approval and that no formal request was made. He stated that he could not remember specifically but, he normally would have asked Ms. Clara Loh to approach the banks (Trustee's Exh. 7, Ting

Depo., pages 331–333). Ms. Loh testified that she did not recall Mr. Ting asking her to obtain bank approval (Trustee's Exh. 8, Loh Depo., pages 46–47).

The Trustee further contends that SSMC's counsel suggested to this Court at the July 6, 1994, hearing on the Trustee's Motion for Summary Judgment, that efforts to obtain bank approval had been made.

 Considering the relief requested by the Trustee, it should be noted that the Trustee's reliance on F.R.C.P. 11 and 28 U.S.C. § 1927 is misplaced and fails to furnish authority to impose sanctions. This is so because F.R.C.P. 11 is not applicable and forms no basis to impose sanctions in a bankruptcy case; and, 28 U.S.C. § 1927, entitled "Counsel's liability for excessive costs," authorizes imposition of sanctions only on attorneys. In any event, there is respectable authority to support the proposition that the Bankruptcy Court lacks the jurisdiction to sanction under 28 U.S.C. § 1927. *In re Courtesy Inns,* 40 F.3d 1084 (10th Cir.1994); *In re Burt,* 179 B.R. 297 (Bankr.M.D. FL 1995). Even assuming the affidavit of Dr. Holmes is false, this record is totally devoid of any evidence that counsel for SSMC unreasonably or vexatiously multiplied the proceedings.

This leaves for consideration the first alternative basis for the relief sought, F.R.C.P. 56(g) as adopted by F.R.B.P. 7056, which provides, inter alia, that if any affidavits are presented in bad faith or solely for delay, the court shall order the party employing them to pay the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt.

 The plain reading of F.R.C.P. 56 leaves no doubt that the attorney who filed such an affidavit could be sanctioned. Since the rule uses the word employ, it is reasonable to infer that the party on whose behalf the affidavit was filed may also be sanctioned. Thus, in the present instance, sanctions may be imposed provided this Court is satisfied the affidavit was filed in bad faith or

solely for the purpose of delay. While the statement in the affidavit of Dr. Holmes was true as the banks never granted approval, it would not be unreasonable to conclude that Dr. Holmes was somewhat careless and negligent in not conducting further inquiries into whether or not any attempts were made to obtain bank approval by anybody. However, this conduct falls short of bad faith which would warrant the imposition of sanctions under F.R.B.P. 7056(g). Holmes' conduct would be sanctionable only if he knew Ting did nothing. Further, there is not any evidence that the affidavit was interposed solely for the purpose of delay.

This leaves for consideration the last two alternative theories for relief sought by the Trustee, namely, F.R.B.P. 9011 and sanctions to be imposed under the inherent powers of the Court. F.R.B.P. 9011, entitled "Signing and Verification of Papers," provides inter alia, that a "signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ..." If a document violates this Rule, the court shall impose sanctions on the party who signed it.

■ It is important to note at the outset what *is* and *is not* involved in the present matter under consideration. The Trustee's Motion does not seek to impose sanctions against Dr. Holmes but, only against SSMC and its counsel. Clearly, no sanctions can be imposed under F.R.B.P. 9011 against SSMC's attorneys since they did not sign the affidavit. However, the Supreme Court in *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991), affirmed Rule 11 sanctions against a corporation explaining, "[a] corporate entity, of course, cannot sign anything; it can only act through its agents. It would be anomalous to determine that an individual who is represented by counsel falls within the scope of Rule 11, but that a corporate client does not because it cannot itself sign a document." *Id.* at 554, 111 S.Ct. at 934–35. *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084 (10th Cir.1994), relied

on this reasoning, stating that the attorney who signed the papers and the corporation itself could be sanctioned under F.R.B.P. 9011. *Id.* at 1087. Thus, in the present instance, sanctions pursuant to F.R.B.P. 9011 may be imposed against SSMC.

■ This leaves for consideration the imposition of sanctions based on the Court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *In re Mroz*, 65 F.3d 1567 (11th Cir. 1995). In *Mroz*, the Eleventh Circuit left no doubt that a bankruptcy judge has the power to sanction using its inherent powers when a finding of bad faith has been made. But, the Court cautioned that the invocation of a Court's "inherent powers must be exercised with restraint and discretion." *Id.* at 1575. Be that as it may, this Court is satisfied that the record is not sufficient to impose sanctions utilizing the inherent powers of this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Attorney's Fees, Costs and/or Other Sanctions filed by James C. Orr, the Trustee, be, and the same is hereby, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DECREED that sanctions shall be imposed against SSMC, N.V., pursuant to F.R.B.P. 9011, payable to the estate in an amount to be determined by this Court after having reviewed an itemized schedule submitted by the Trustee of costs and expenses incurred by the estate directly connected to the affidavit of Dr. Holmes filed in this Adversary Proceeding. It is further

ORDERED, ADJUDGED AND DECREED that the itemized schedule is to be submitted to this Court and served on counsel of SSMC not later than fifteen (15) days from the date of entry of this Order. Counsel for SSMC shall have ten (10) days after to object in writing to the amount sought. If no objections, the Court will enter an order without further hearing. If proper objec-

tions are interposed, a hearing will be scheduled with due notice to all parties of interest.

DONE AND ORDERED.