### In re ROOKERY BAY LTD., Debtor.

Bankruptcy No. 96–3523–9P1.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

May 14, 1996.

Brian J. Almengual, Tampa, FL, for Debtor.

Ned R. Nashban, Quarles & Brady, West Palm Beach, FL, for Movant.

Kevin C. Gleason, Houston & Shahady, P.A., Fort Lauderdale, FL, for Blazer Construction Co.

## ORDER ON EMERGENCY MOTION TO DISMISS OR FOR RELIEF FROM STAY BECAUSE OF BAD FAITH SERIAL FILING, AND MOTION FOR SANCTIONS AGAINST THE DEBTOR AND ITS COUNSEL

ALEXANDER L. PASKAY, Chief Judge.

In this Chapter 11 case, a creditor, Condor One, Inc. (Mortgagee), has filed an Emergency Motion to Dismiss or for Relief from Stay Because of Bad Faith Serial Filing, and Motion for Sanctions Against the Debtor and its Counsel (Motion to Dismiss). The Motion to Dismiss arises in a most bizarre factual setting and presents a truly unique proposition which has seldom, if ever, occurred since the adoption of the Code and certainly not under the Bankruptcy Act of 1898. In order to place the Motion to Dismiss in perspective, a brief recap of the relevant facts as they appear from the record should prove helpful.

At a relevant time, Blazer Construction Company (Blazer) sued Rookery Bay Ltd. (Debtor) in state circuit court seeking recovery for the balance owed by the Debtor on a construction contract with Blazer, which constructed the sole asset of the Debtor, namely, a multi-unit apartment complex located in Naples, Florida. The Debtor filed a counter-claim against 2Blazer and sought money damages for alleged faulty construction by Blazer. The Circuit Court dismissed the Debtor's counter-claim and entered a money judgment against the Debtor in excess of $14 million. The Debtor, aggrieved by the outcome of the state court litigation, timely filed a Notice of Appeal. That appeal was pending at the time Blazer filed its involuntary Petition against the Debtor on May 18, 1995.

In due course, the Debtor attacked the Petition in its Answer, asserting that the claim of Blazer, the sole Petitioning Creditor, was subject to a bona fide dispute. In spite of several attempts to resolve the involuntary case either by dismissal or by entry of an Order For Relief, the parties finally agreed to the entry of an Order of Suspension pur-

suant to § 305 until the pending Appeal could be resolved with finality in the state court system. The problem, which was not anticipated at that time, arose when the holder of the first Mortgage encumbering the sole asset of the Debtor filed a Motion for Relief from the Automatic Stay (Stay Motion). Because of the Order of Suspension, the Stay Motion was not considered at all and after expiration of the 30 days, the automatic stay terminated by operation of law pursuant to § 362(e) of the Bankruptcy Code.

Based on the foregoing and in order to formalize the termination, this Court, on February 26, 1996, entered an order granting the Motion and lifting the automatic stay. The Mortgagee wasted no time in filing a foreclosure action in state court, coupled with a Motion to Appoint a Receiver for the property. The hearing on the Motion to Appoint a Receiver was scheduled to be heard by the circuit court on March 26, 1996. However, but before that motion could be heard, the Debtor filed this present voluntary Chapter 11, even though it is already before this Court as a debtor in the yet-to-be-resolved involuntary Chapter 7 case. The filing of this case has thus spawned a new avenue of relief—a heretofore unknown, in the annals of bankruptcy jurisprudence, Chapter 18 created by the incestuous relationship of a debtor in an involuntary Chapter 7 case who is at the same time a voluntary petitioner who seeks relief under Chapter 11. In an attempt to inject some sense into this otherwise unusual scenario, counsel for the Debtor suggested what according to counsel is a proper and sensible solution, i.e., consolidation of the pending, yet unresolved, involuntary Chapter 7 case with this voluntary Chapter 11 case. This is basically the factual backdrop of the Motion to Dismiss presently under consideration.

█ In its Motion to Dismiss, the Mortgagee contends that this Chapter 11 case was improperly filed in bad faith, and is thus subject to dismissal for "cause" pursuant to § 1112(b). In addition, the Mortgagee points out that this is a single asset real estate case filed for the sole purpose of frustrating the legal right of the Mortgagee to enforce its mortgage lien against the subject property, a scenario similar to that found in *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984). *See also In re Phoenix Piccadilly*, 849 F.2d 1393 (11th Cir.1988); *In re Natural Land Corp.*, 825 F.2d 296 (11th Cir.1987); *In re Landmark Capital Co.*, 27 B.R. 273 (Bankr.Ariz.1983); *In re Little Creek Development Corp.*, 779 F.2d 1068 (5th Cir.1986).

The Debtor concedes that it has no equity in the subject property, which, according to Mortgagee, has a present value of $6 million and which, according to the Debtor, has only a present value of $3 million. The outstanding balance on the mortgage is in excess of $16 million. It is not disputed that the Debtor failed to pay the real estate taxes for at least 2 years, nor that the complex has very serious construction defects which require an expenditure of some $4 million to bring the subject property up to the value stated by the Mortgagee.

In opposition to the Motion to Dismiss, counsel for the Debtor, while conceding the lack of equity, points out that there is nothing in the Code which prevents a Debtor from have two open cases pending at the same time. However, Debtor's counsel was unable to furnish any authority to support the proposition that the Court may consolidate a Chapter 7 case, let alone an unresolved involuntary Chapter 7 case, with a voluntary Chapter 11 case. Thus, while counsel concedes that the solution suggested may lack legal support, that notwithstanding, it was made in good faith and with an the honest and sincere belief that this Debtor deserves an opportunity to seek relief in the Bankruptcy Court and obtain a confirmation of its Plan of Reorganization even over the opposition of the Mortgagee. This is so, according to Debtor's counsel, because now the Debtor has the support of Blazer and since the mortgage is a non-recourse mortgage, the mortgagees will not have an allowable unsecured claim. Debtor's counsel stated an intention to file, without delay, Debtor's Disclosure Statement and Plan of Reorganization, and urged that the Debtor should be given a reasonable opportunity to achieve rehabilitation under Chapter 11 of the Code.

Before addressing the merits of the Motion to Dismiss, it should be evident that one must resolve the procedural morass in which this Debtor finds itself entangled. Upon consideration, this Court is satisfied that the only proper and sensible solution is to vacate the Order of Suspension entered in the involuntary Chapter 7 case entered on November 17, 1995, and upon motion and consent by the Debtor, to enter an Order For Relief and then convert the Chapter 7 case to a Chapter 11 case pursuant to § 706(a). Thereafter, any party may seek dismissal of the voluntary Chapter 11 case.

This leaves for consideration the second aspect of the Motion to Dismiss filed by the Mortgagee; namely, imposition of sanctions in the form of attorneys' fees and costs against the Debtor, counsel for the Debtor, and counsel's law firm for filing this Chapter 11 case in "bad faith." Specifically, the Mortgagee seeks sanctions pursuant to Bankruptcy Rule 9011 on the basis that "the bad faith that is inherent in this Chapter 11 filing is imputed to the Debtor's counsel, who had full knowledge of all of the salient facts and circumstances."

Rule 9011 permits imposition of sanctions in the event a document is signed in violation of the certification requirement contained therein. In this instance, the Mortgagee has failed to identify any objectionable petition, pleading, motion or other paper, but instead has merely suggested sanctions are proper based upon inherent bad faith with can be imputed to the Debtor's counsel. This Court is satisfied that the Mortgagee has not demonstrated an entitlement to sanctions under Rule 9011, and to that extent the Motion to Dismiss should be denied.

Alternatively, the Mortgagee seeks sanctions pursuant to 28 U.S.C. § 1927 on the basis that "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay," citing *In re Eatman,* 182 B.R. 386 (Bankr.S.D.N.Y. 1995). In the past, Courts generally have not agreed on the applicability of this Statute to proceedings in bankruptcy courts. *Knepper v. Skekloff,* 154 B.R. 75 (N.D.Ind.1993) and *In re Chicago Midwest Donut, Inc.,* 82 B.R. 943 (Bankr.N.D.Ill.1988). In the case of *Regensteiner Printing Co. v. Graphic Color Corp.,* 142 B.R. 815 (N.D.Ill.1992), the Court held that a Bankruptcy Court is not a "court of the United States." The most recent pronouncement on this question is from the Tenth Circuit in its decision rendered November 18, 1984, in the case of *In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084 (10th Cir. 1994), which agrees with the latter position and held that the Bankruptcy Court has no jurisdiction to award sanctions pursuant to 28 U.S.C. § 1927. This Court adopted the decision of the Tenth Circuit in *Courtesy Inns* in the case of *In re Burt,* 179 B.R. 297 (M.D.Fla.1995), and held that the Bankruptcy Court was a unit of the District Court and not an independent court of the United States. Thus, it did not have authority to impose sanctions pursuant to 28 U.S.C. § 1927. Assuming for purposes of discussion that this proposition might be debatable, in any event in this particular case, there is nothing but a bald assertion by the Mortgagee which is insufficient and does not justify the imposition of sanctions.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion to Dismiss filed by Condor One, Inc., be, and the same, is hereby granted and the Chapter 11 case is hereby dismissed.

It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions Against the Debtor and its Counsel be, and the same is, hereby denied.

A separate Order will be entered vacating the Order of Suspension entered in the involuntary Chapter 7 case.

DONE AND ORDERED.