RIPPLE, Circuit Judge.
 

 The appellant, Bernard M. Ellis, while representing a debtor in bankruptcy court, repeatedly filed untimely responsive pleadings and repeatedly failed to give notice of pleadings to opposing counsel. Explicitly relying on 28 U.S.C. § 1927 for authority, the bankruptcy judge fined Mr. Ellis $1,000 for his actions. The district court affirmed the bankruptcy court’s sanction order. Mr. Ellis now appeals the district court’s judgment. We affirm.
 

 I
 

 BACKGROUND
 

 On June 30, 1993, Thomas Volpert filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101
 
 et seq.
 
 Attorney Bernard M. Ellis represented Vol-pert in the bankruptcy proceedings. After Volpert filed his petition, Volpert’s uncle filed a seven-count complaint, which Volpert was required to answer by January 29, 1994. Volpert did not respond by that deadline.
 
 *496
 
 Instead, on February 2, Mr. Ellis appeared at a status hearing before the bankruptcy court and received an additional fourteen days to answer. When the new deadline came and went without an answer being filed, Volpert’s uncle moved for an order of default. On April 21, Mr. Ellis, in response, appeared before the bankruptcy court and succeeded in having the hearing on the motion for default continued until May 11.
 

 On May 2, Mr. Ellis filed a motion to dismiss the uncle’s complaint on the ground that the uncle had no standing. In addition, he sought the dismissal of counts 1, 2, 3 and 6 on other grounds. The bankruptcy court denied the motion to dismiss for lack of standing and ordered Mr. Ellis to respond to counts 4, 5 and 7 within seven days. On May 11, however, Mr. Ellis did not file an answer. Instead, he asked the bankruptcy court to reconsider the denial of the motion to dismiss. The bankruptcy court declined to reconsider its prior ruling and warned Mr. Ellis that failure to respond to counts 4, 5 and 7 by May 18 would result in an entry of default on those counts.
 

 Despite repeated assurances that he would file an answer by May 18, Mr. Ellis again missed the deadline. Rather, on May 19, he again moved to dismiss counts 4, 5 and 7. In the alternative, Mr. Ellis asked for a more definitive statement with respect to each of those counts. On May 25, the bankruptcy court denied the motion to dismiss, but it ordered the uncle to file a more definitive statement within fourteen days. The bankruptcy court also ordered Mr. Ellis to answer counts 4, 5 and 7 after the more definitive statement was to be filed.
 

 On June 22, almost five months from the date an answer was originally due, Mr. Ellis finally filed an answer to counts 4, 5 and 7. The answer, though, was found to be legally insufficient by the bankruptcy court. On July 1, the bankruptcy court struck the answer and entered an order of default on counts 4, 5 and 7. On July 11, Mr. Ellis moved to vacate the default order and for leave to file an amended answer. Because Mr. Ellis had failed to serve opposing counsel with a copy of the proposed amended answer, the bankruptcy court denied the motions. The bankruptcy court noted that this occasion was not the first time that Mr. Ellis had failed to serve counsel, notwithstanding the fact that both attorneys had their offices in the same building. Mr. Ellis again failed to serve counsel, this time on July 15, with a motion to reconsider the bankruptcy court’s denial of the July 11 motions.
 

 On July 25, the bankruptcy court gave Mr. Ellis until July 27 to give opposing counsel proper notice of the proposed amended answer. On July 28, the bankruptcy court vacated its default order and allowed Mr. Ellis to file the amended answer. By that time, six months had elapsed since Mr. Ellis was first ordered to file an answer. Vol-pert’s uncle then moved for sanctions pursuant to 28 U.S.C. § 1927. The bankruptcy court ruled that Mr. Ellis’ delays in filing Volpert’s answer, the legal insufficiency of the answer that was filed, and Mr. Ellis’ repeated failure to serve opposing counsel with proper notice demonstrated conduct that unreasonably and vexatiously multiplied the bankruptcy court’s proceedings. Accordingly, the bankruptcy court granted the motion for sanctions and awarded Volpert’s uncle $1,000 in attorney’s fees under § 1927.
 
 See Volpert v. Ellis (In re Volpert),
 
 177 B.R. 81 (Bankr.N.D.Ill.1995).
 

 Mr. Ellis appealed the sanction to the district court. Before the district court, Mr. Ellis contended that, because bankruptcy courts are not “court[s] of the United States,” they do not have the authority to order sanctions under § 1927. The district court took the view that bankruptcy courts are not “eourt[s] of the United States” because their judges do not serve during good behavior. Nevertheless, the district court held, bankruptcy courts are empowered indirectly with the authority of the district courts to impose sanctions under § 1927. The district court reasoned that, because 28 U.S.C. § 151 states that bankruptcy judges “shall constitute a unit of the district court,” bankruptcy courts are subsumed within the district court apparatus and have the authority, as arms of the district court, to impose sanctions under § 1927 in cases that have been referred to them. Consequently, the district court affirmed the sanction.
 
 See Volpert v.
 
 
 *497
 

 Volpert (In re Volpert),
 
 186 B.R. 240 (N.D.Ill.1995).
 

 II
 

 DISCUSSION
 

 We note at the outset that Mr. Ellis does not contend that the bankruptcy court’s sanction was unconstitutional under
 
 Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 78 L.Ed.2d 598 (1982), or that the sanction was beyond the bankruptcy court’s statutory authority under 28 U.S.C. § 157(b).
 
 [1]
 
 Nor does Mr. Ellis claim that the $1,000 sanction was an abuse of discretion. Indeed, he concedes that the amount was reasonable and that he did in fact unreasonably and vexatiously multiply the proceedings before the bankruptcy court. His sole contention in this appeal is that the bankruptcy court lacked the authority to impose the sanction under § 1927.
 

 The issue of whether bankruptcy courts possess the power to sanction under § 1927 is an unresolved one in this circuit.
 
 In re Memorial Estates, Inc.,
 
 950 F.2d 1364, 1369-70 (7th Cir.1991),
 
 cert. denied,
 
 504 U.S. 986, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992). Although we affirmed a bankruptcy court’s decision to impose fees under § 1927 in
 
 In re TCI Ltd.,
 
 769 F.2d 441 (7th Cir.1985),
 
 [2]
 
 we did not discuss whether § 1927 applies to bankruptcy courts.
 
 See Webster v. Fall,
 
 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925) (“Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.”);
 
 cf. Pennhurst State Sch. & Hosp. v. Halderman,
 
 465 U.S. 89, 119 & n. 29, 104 S.Ct. 900, 918 & n. 29, 79 L.Ed.2d 67 (1984) (“‘[W]hen questions of jurisdiction have been passed on in prior decisions
 
 sub silentio,
 
 this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.’ ”) (quoting
 
 Hagans v. Lavine,
 
 415 U.S. 528, 533 n. 5, 94 S.Ct. 1372, 1377 n. 5, 39 L.Ed.2d 577 (1974)).
 

 Section 1927 of Title 28 provides:
 

 Any attorney ... admitted to conduct eases in any
 
 court of the United States
 
 or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.
 

 28 U.S.C. § 1927 (emphasis added). Bankruptcy courts, therefore, can impose sanctions under § 1927 only if they can exercise the powers that are conferred upon the “court[s] of the United States or any Territory thereof.”
 
 [3]
 
 Regardless of whether bank
 
 *498
 
 ruptcy courts can exercise such powers, both parties in this case agree, as an initial matter, that bankruptcy courts are not themselves “courtfs] of the United States” within the strict meaning of the term. That term is defined in 28 U.S.C. § 451, which defines terms for purposes of Title 28:
 

 The term “court of the United States” includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.
 

 28 U.S.C. § 451. Bankruptcy courts are not listed explicitly in the section. Nor are bankruptcy courts “district courts constituted by chapter 5 of [Title 28],” for bankruptcy courts are constituted by chapter 6 of Title 28. Likewise, bankruptcy judges are not “entitled to hold office during good behavior.” Rather, they serve a specified term of fourteen years.
 
 See
 
 28 U.S.C. § 152(a)(1). Moreover, as the Ninth Circuit has noted, because the “good behavior” language contained in § 451 mirrors that contained in Article III, it is reasonable to infer that the phrase “court[s] of the United States” denotes Article III courts whose judges have life tenure and may be removed only by impeachment.
 
 See Perroton v. Gray (In re Perroton),
 
 958 F.2d 889, 893 (9th Cir.1992). Bankruptcy courts are not Article III courts.
 
 Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 60-61, 102 S.Ct. 2858, 2866, 73 L.Ed.2d 598 (1982). Therefore, a bankruptcy court is not a “court of the United States” within the strict meaning of §
 
 451.
 

 [4]
 

 Building upon this premise, the Tenth Circuit has held that bankruptcy courts lack the authority to impose sanctions under § 1927.
 
 See Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.),
 
 40 F.3d 1084 (10th Cir.1994).
 
 [5]
 
 In
 
 Courtesy Inns,
 
 the Tenth Circuit reasoned that § 1927, by its very language, authorizes only “court[s] of the United States” to impose sanctions. Because bankruptcy courts are not such courts, the Tenth Circuit held, they have no authority under § 1927 to sanction. The Tenth Circuit felt compelled by § 451’s plain wording, especially when it viewed that wording in light of the section’s legislative history. An amendment in the Bankruptcy Reform Act of 1978 explicitly added “bankruptcy courts, the judges of which are entitled to hold office for a term of 14 years” to the definition contained in § 451.
 
 Courtesy Inns,
 
 40 F.3d at 1086 (quoting Pub.L. No. 95-598, § 213, 1978 U.S.C.C.A.N. (92 Stat.) 2549, 2661). The amendment’s purpose was to “mak[e] the generally applicable provisions of title 28 applicable to bankruptcy courts.” H.R.Rep. No. 95-595, at 436 (1977),
 
 reprinted in
 
 1978 U.S.C.C.A.N. 5787,
 
 *499
 
 6392. The amendment was to .become effective on June 28, 1984, but a 1984 amendment explicitly eliminated the language adding bankruptcy courts to § 451.
 
 Courtesy Inns,
 
 40 F.3d at 1086 (citing Pub.L. No. 98-353, § 113, 1984 U.S.C.C.A.N. (98 Stat.) 333, 343). The 1984 amendment, the Tenth Circuit concluded, evidences Congress’ intent not to extend Title 28’s general provisions to bankruptcy courts.
 

 Mr. Ellis urges us to follow
 
 Courtesy Inns
 
 and hold that bankruptcy courts lack the power to impose sanctions under the plain language of § 1927. Amicus curiae, who filed a brief in support of the bankruptcy court, responds that the inquiry does not end with the determination that bankruptcy courts are not themselves “court[s] of the United States.” According to the bankruptcy court, the district court and amicus, bankruptcy courts, notwithstanding their lack of Article III status, nevertheless can exercise the power of a “court of the United States” in cases that have been referred to them. Bankruptcy courts are not jurisdietionally separate courts; rather, “the bankruptcy judges ... constitute a unit of the district court,” 28 U.S.C. § 151, and they exercise the bankruptcy jurisdiction of the district courts,
 
 see
 
 28 U.S.C. § 1334;
 
 Diamond Mortgage Corp. v. Sugar,
 
 913 F.2d 1233, 1237-38 (7th Cir.1990),
 
 cert. denied,
 
 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991). Relying on
 
 Grewe v. United States (In re Grewe),
 
 4 F.3d 299 (4th Cir.1993),
 
 cert. denied,
 
 510 U.S. 1112, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994), amicus suggests that a bankruptcy court can impose sanctions under § 1927 indirectly as an arm of the district court.
 
 See id.
 
 at 304-05 (holding that “bankruptcy courts qualify as ‘courts of the United States’ under [26 U.S.C.] § 7430(c)(6)” because “bankruptcy courts are not separate from, but rather units or divisions of the district court”).
 

 Amicus submits that Congress’ 1984 decision not to amend § 451 to include bankruptcy courts was a response to the Supreme Court’s holding in
 
 Northern Pipeline,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), that Congress’ broad grant of jurisdiction to bankruptcy judges under the Bankruptcy Reform Act of 1978 was unconstitutional. To remedy that constitutional defect, amicus asserts, Congress decided to structure bankruptcy courts so that they were not distinct courts in and of themselves, but merely were subsumed within the district courts. As such, says amicus, it would have been redundant to list the bankruptcy courts as independent “court[s] of the United States.” Amicus insists that, if a case properly is referred to the bankruptcy court,
 
 [6]
 
 the bankruptcy court thereafter may exercise the power of the district court to impose § 1927 sanctions because the imposition of sanctions is a “core proceeding,”
 
 see In re Memorial Estates, Inc.,
 
 950 F.2d 1364, 1370 (7th Cir.1991), ce
 
 rt. denied,
 
 504 U.S. 986, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992).
 
 See generally
 
 28 U.S.C. § 157(b)(1) (providing that bankruptcy judges may hear and determine “all eases under title 11 and all core proceedings arising under title 11”). In amicus’ view, the bankruptcy court’s order to sanction Mr. Ellis pursuant to § 1927 was in essence an order of the District Court for the Northern District of Illinois.
 
 [7]
 

 Since
 
 Northern Pipeline,
 
 bankruptcy courts have indeed occupied a unique position in the country’s judicial structure.
 
 Diamond Mortgage Corp.,
 
 913 F.2d at 1237-38. Because the phrase “court of the United States” is scattered throughout Title 28, we think it
 
 *500
 
 imprudent, especially in the absence of more extensive briefing, to so characterize the bankruptcy court for purposes of decision in this case. Given that we have determined, for reasons that follow, that the bankruptcy court in this case had ample authority, apart from § 1927, to sanction Mr. Ellis’ behavior, we shall travel the more prudent course and leave unanswered whether bankruptcy judges can exercise the authority of a “court of the United States.”
 

 B.
 

 Although the bankruptcy court and the district court relied upon § 1927 as the source of authority for the sanctions levied against Mr. Ellis, we may affirm the district court’s judgment on a different basis if that basis is supported by the record and law.
 
 See Schweiker v. Hogan,
 
 457 U.S. 569, 585 & n. 24, 102 S.Ct. 2597, 2607 & n. 24, 73 L.Ed.2d 227 (1982). As an alternative basis for affirmance, amicus invites our attention to 11 U.S.C. § 105(a). That section, entitled “Power of court,” provides:
 

 The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
 

 11 U.S.C. § 105(a). We agree with amicus that the bankruptcy court had authority under § 105 to sanction Mr. Ellis’ conduct in this case. Section 105 grants broad powers to bankruptcy courts to implement the provisions of Title 11 and to prevent an abuse of the bankruptcy process. The broad power to “issue any order ... appropriate to carry out the provisions” of Title 11 and “to prevent an abuse of process” certainly encompasses the power to issue an order to sanction an attorney who, in the words of 28 U.S.C. § 1927, “multiplies the proceedings ... unreasonably and vexatiously.” We therefore hold that, under 11 U.S.C. § 105(a), bankruptcy courts may punish an attorney who unreasonably and vexatiously multiplies the proceedings before them.
 
 See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine),
 
 77 F.3d 278, 283-84 (9th Cir.1996);
 
 Courtesy Inns,
 
 40 F.3d 1084, 1089 (10th Cir.1994).
 
 [8]
 
 Mr. Ellis does not dispute that, for six months, he unreasonably and vexatiously multiplied the proceedings before the bankruptcy court. Even absent that concession, the bankruptcy court found independently that Mr. Ellis’ “conduct in the case at bar could only be described as an abuse of the judicial process.”
 
 Volpert v. Ellis (In re Volpert),
 
 177 B.R. 81, 91 (Bankr.N.D.Ill.1995). The bankruptcy court further found that Mr. Ellis (1) “disregarded pleading rules and several direct court orders,” (2) attempted “to avoid pleading properly” to certain counts in the complaint, (3) demonstrated “a ‘serious and studied disregard for the orderly process of justice,’ ” (4) “repeatedly failed to serve opposing counsel,” (5) “flagrantly] disregarded] ... the Federal Rules of Civil Procedure,” (6) “refleet[ed] contempt for the law, the Court, and opposing counsel,” and (7) “bedeviled opposing counsel with studied misconduct obviously intended to harass him and avoid proper service upon him.”
 
 Id.
 
 at 91-92. The ability to prevent the type of behavior exhibited in this case is necessary if the bankruptcy courts are to carry out efficiently and effectively the duties assigned to them by Congress. As our colleagues in the Eighth Circuit have noted:
 

 [W]e believe that to not allow a bankruptcy court to impose attorney’s fees as sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between the court systems. As best expressed by the court in
 
 In re Silver,
 
 46 B.R. [772,] at 774 [D. Colo.1985]:
 

 
 *501
 
 Especially in these days where the number of proceedings in the federal courts continues to rise, the Court concludes that sanctions such as those imposed in this matter are necessary in order to protect the integrity of the Bankruptcy Code as well as the judicial process.
 

 Brown v. Mitchell (In re Arkansas Communities, Inc.),
 
 827 F.2d 1219, 1221-22 (8th Cir.1987).
 
 [9]
 
 In sum, Mr. Ellis’ behavior is precisely the type of behavior that bankruptcy courts must be able to sanction in order to maintain control of their courtrooms and of their dockets.
 

 Our colleagues in the Ninth and Tenth Circuits, when faced with the issue before us, have arrived at the same conclusion. In
 
 Rainbow Magazine,
 
 the Ninth Circuit held that, pursuant to § 105, a bankruptcy court may sanction the bad faith filing of a bankruptcy petition.
 
 See
 
 77 F.3d at 284 (“By providing that bankruptcy courts could issue orders necessary ‘to prevent an abuse of process,’ Congress impliedly recognized that bankruptcy courts have the inherent power to sanction that
 
 Chambers [v. NASCO, Inc.,
 
 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)] recognized exists within Article III courts.”). Similarly, the Tenth Circuit, in
 
 Courtesy Inns,
 
 held that bankruptcy courts are authorized under § 105 to sanction the filing of a petition in bad faith: “We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in
 
 Chambers.”
 
 40 F.3d at 1089.
 

 We find it unnecessary to say that the power to sanction that we recognize today is properly characterized as an “inherent” one.
 
 [10]
 
 We simply follow
 
 Rainbow Magazine
 
 and
 
 Courtesy Inns
 
 insofar as they hold that the plain language of § 105 furnishes the bankruptcy courts with ample authority to sanction conduct that abuses the judicial process, including conduct that unreasonably and vexatiously multiplies bankruptcy proceedings. Because Mr. Ellis, by his own admission, unreasonably and vexatiously multiplied the proceedings before the bankruptcy court and abused the judicial process, he was properly sanctioned by the bankruptcy court pursuant to authority conferred under 11 U.S.C. § 105(a).
 
 [11]
 

 
 *502
 
 Conclusion
 

 For the reasons given in the foregoing opinion, we affirm the judgment of the district court.
 

 Affirmed
 

 [1]
 

 . Section 157(b)(1) reads:
 

 Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
 

 28 U.S.C. § 157(b)(1). Section 157(b)(2) furnishes a non-exhaustive list of examples of "core proceedings.”
 
 See id. %
 
 157(b)(2)(A)-(0).
 

 [2]
 

 .
 
 See also Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.),
 
 931 F.2d 222, 230 (2d Cir.1991) (same).
 

 [3]
 

 . One court has held that § 1927 is not limited to the "court[s] of the United States” because the section authorizes the imposition of sanctions "by the court” without any modifier.
 
 See Novelty Textile Mills, Inc. v. Stern,
 
 136 F.R.D. 63, 74-75 & n. 21 (S.D.N.Y.1991). That court noted that the limiter “of the United States” modifies the phrase "[a]ny attorney ... admitted to conduct cases in any court.”
 

 We are reluctant to place undue importance on the absence of the restriction “of the United States” from the second appearance of the word "court” in the statute. Under § 1927, a party may be required to pay costs, expenses and fees by "the court.” The natural reading of the text of § 1927 is that "the court” to which the section refers is a "court of the United States.” The
 
 Novelty Textile Mills
 
 approach fails to read the statute as a whole; rather, it severs "the court” from its contextual setting by disregarding the prior reference to "any court of the United States.”
 

 Moreover, the
 
 Novelty Textile Mills
 
 approach is not supported by the legislative history. Section 1927 of Title 28 was based on, and changed the phraseology of, old 28 U.S.C. § 829 (1940).
 
 See
 
 H.R.Rep. No. 80-308, at A164 (1947). In turn, old § 829, which was derived from Congressional Acts of 1813 and 1853, provided:
 

 
 *498
 
 If any attorney, proctor, or other person admitted to conduct causes in any
 
 court of the United States,
 
 or of any Territory, appears to have multiplied the proceedings in any cause before
 
 such court
 
 so as to increase costs unreasonably and vexatiously, he shall be required, by order of
 
 the court,
 
 to satisfy any excess of costs so increased.
 

 28 U.S.C. § 829 (1940) (emphasis added). The phraseology of old § 829, especially the reference to "such court,” eliminated any ambiguity in that section: It was the "court[s] of the United States, or of any Territory" that were empowered to sanction attorneys who multiplied the proceedings before them.
 

 [4]
 

 . On this basis, some courts have determined for the purposes of other statutory provisions that bankruptcy courts lack the authority conferred upon the "court[s] of the United States."
 
 See,
 
 e.g.,
 
 Perroton,
 
 958 F.2d at 893-94 (bankruptcy courts lack authority to waive payment of filing fees under 28 U.S.C. § 1915);
 
 Internal Revenue Service v. Brickell Investment Corp. (In re Brickell Investment Corp.),
 
 922 F.2d 696, 701 (11th Cir.1991) (bankruptcy courts lack authority to award attorney’s fees under 26 U.S.C. § 7430);
 
 Gower v. Farmers Home Admin. (In re Davis),
 
 899 F.2d 1136, 1139-40 (11th Cir.) (bankruptcy courts lack authority to award fees under Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)),
 
 cert. denied,
 
 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990).
 

 [5]
 

 .
 
 Accord Regensteiner Printing Co. v. Graphic Color Corp.,
 
 142 B.R. 815, 818 (N.D.Ill.1992);
 
 Farmers Home Admin. v. Jenkins (In re Richardson),
 
 52 B.R. 527, 532 (Bankr.W.D.Mo.1985);
 
 In re Westin Capital Markets, Inc., 184
 
 B.R. 109, 118 (Bankr.D.Or.1995);
 
 Phillips v. Burt (In re Burt),
 
 179 B.R. 297, 301 (Bankr.M.D.Fla.1995);
 
 see also Brown v. Mitchell (In re Arkansas Communities, Inc.),
 
 827 F.2d 1219, 1221 (8th Cir.1987) (”[I]t is questionable whether a bankruptcy court falls within the definition of 'courts of the United States' for purposes of imposing sanctions against attorneys under [28 U.S.C. § 1927].”).
 

 [6]
 

 . Section 157(a) provides:
 

 Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
 

 28 U.S.C. § 157(a). Pursuant to Local General Rule 2.33 of the Northern District of Illinois, all bankruptcy cases and proceedings in the district are automatically referred to the bankruptcy court.
 

 [7]
 

 .
 
 See United States v. Guariglia,
 
 962 F.2d 160, 162-63 (2d Cir.1992) (holding that district court could “punish for criminal contempt a violation of an order of a bankruptcy court where the bankruptcy court is a ‘unit’ of the district court imposing the punishment" because the order is an order of both the bankruptcy and district court; but noting that there is a “serious question” as to whether the bankruptcy court could have punished for criminal contempt a violation of its order in the first instance).
 

 [8]
 

 .
 
 Accord Knepper v. Skekloff,
 
 154 B.R. 75, 80 (N.D.Ind.1993) ("[Title] 11 U.S.C. § 105 permits bankruptcy courts to impose sanctions against both parties and counsel who willfully abuse the judicial process.”);
 
 Regensteiner Printing Co. v. Graphic Color Corp.,
 
 142 B.R. 815, 819 (N.D.Ill.1992) (“[P]ursuant to 11 U.S.C. § 105, bankruptcy courts are empowered to impose sanctions on parties and counsel who wilfully abuse the judicial process.”) (footnote omitted).
 

 [9]
 

 . In holding that bankruptcy courts have the power to sanction under § 105, the Tenth Circuit expressed similar sentiments: "The power to maintain order and confine improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes. We should not lightly infer its absence, and we see no reason to do so here."
 
 Courtesy Inns, 40
 
 F.3d at
 
 1089.
 

 [10]
 

 . Cf.
 
 Chambers,
 
 501 U.S. at 58, 111 S.Ct at 2140 (Scalia, J., dissenting). We note that the Sixth Circuit recently has written that "[bjank-ruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct.”
 
 Mapother & Mapother, P.S.C. v. Cooper (In re Downs),
 
 103 F.3d 472, 477 (6th Cir.1996).
 

 [11]
 

 . Some of Mr. Ellis' conduct was sanctionable under Federal Rule of Bankruptcy Procedure 9011 as well. Rule 9011 provides in pertinent part:
 

 Every petition, pleading, motion or other paper served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record.... The signature of an attorney ... constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its’ own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
 

 Fed. R. Bankr.P. 9011(a). Under Rule 9011, a bankruptcy court may sanction parties who file documents in bad faith or for an "improper purpose, such as to harass or to cause unnecessary delay or ... cost.”
 
 Id.
 
 In this case, the bankruptcy court's findings reveal that Mr. Ellis’ numerous filings were for improper purposes, such as delaying the resolution of the case without justification and harassing opposing counsel with “studied misconduct.” As such, the sanction, insofar as it is traceable to Mr. Ellis’ bad-faith filings, is supported by Rule 9011.
 
 See In re Excello Press, Inc.,
 
 967 F.2d 1109, 1112 (7th Cir.1992);
 
 In re Memorial Estates, Inc.,
 
 950 F.2d 1364, 1370 (7th Cir.1991),
 
 cert. denied,
 
 504 U.S.
 
 *502
 
 986, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992);
 
 Rainbow Magazine,
 
 77 F.3d at 282-83;
 
 Arkansas Communities,
 
 827 F.2d at 1222;
 
 Burt,
 
 179 B.R. at 301-02;
 
 Knepper,
 
 154 B.R. at 80;
 
 Regensteiner Printing Co.,
 
 142 B.R. at 819.