In re Dianna SIMMONS, Debtor.

Dianna Simmons and Michael
G. Sebastian, Plaintiffs,

v.

Ford Motor Credit Co., Defendant.

Bankruptcy No. 96–B–20501.
Adversary No 98–A–00855.

United States Bankruptcy Court,
N.D.Illinois,
Eastern Division.

Feb. 9, 1999.

Daniel A. Edelman, Edelman & Combs, Erik A. Martin, Chicago, IL, for Plaintiff.

Robert N. Lane, Lovell, White & Durrant, Chicago, IL for Defendant.

Craig Phelps, Chicago, IL, Chapter 13 Trustee.

## MEMORANDUM DECISION

JOAN H. LEFKOW, Bankruptcy Judge.

Debtor, Dianna Simmons, asks the court to reconsider the dismissal of count I and further to find that this court has jurisdiction over counts II and III of her adversary complaint against Ford Motor Credit Co. ("FMCC"), a company engaged in the business of financing the purchase of automobiles. Debtor's three-count class action complaint asserts that FMCC has a practice of filing proofs of claim which improperly characterize the full amount of the outstanding loan balance as secured. FMCC allegedly engages in this practice even though Official Form 10, the form on which proofs of claim are filed, advises creditors that their claims may fall into one or more of three classifications and

provides room for creditors to break down their claims into secured and unsecured portions. In count I of her complaint, debtor contends that FMCC's claims filing practice constitutes a calculated interference with the bankruptcy system and seeks relief pursuant to 11 U.S.C. § 105,[1] including damages, fees, costs and injunctive relief. On September 25, 1998, the court dismissed count I for failure to state a claim upon which relief can be granted and, due to questions whether the court retained jurisdiction over the remaining state law claims, deferred ruling on the motion to dismiss with respect to counts II and III. The parties have submitted supplemental briefs on the jurisdictional issue.

### A. Motion to Reconsider

Debtor first contends that the court erred because, in reaching its decision, the court found that § 105(a) is limited to enforcing either the automatic stay or the discharge injunction provisions of the bankruptcy code. Debtor is incorrect. As discussed more completely in the September 25 Decision, § 105(a) empowers the court to act in a wide variety of situations, but only if action is necessary or appropriate 1) to carry out the provisions of the Bankruptcy Code or Rules, or 2) to prevent an abuse of process. 11 U.S.C. § 105(a). Debtor simply has not shown that her adversary complaint would fulfill either of these goals. The September 25 Decision merely observed that each of the § 105 cases cited in debtor's original submissions involved the enforcement of the automatic stay or the discharge injunction provisions. In short, debtor had failed to offer any authority to justify the type of affirmative relief she requests in count I.

Debtor next argues that Official Form 10 is equivalent to a statutory directive because the Official Forms are

---

1. Section 105 gives the court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy code]." It further provides that the provisions of the bankruptcy code do not prevent the court from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

"part of the Federal Bankruptcy Rules (*see* Fed.Bankr.R. 1001) and are issued by the Supreme Court pursuant to statutory authority, 28 U.S.C. § 2075." Because, she contends, Official Form 10 explicitly requires creditors to apportion their claims into secured and unsecured components, FMCC's failure to do so violates an explicit statutory directive. This argument is not persuasive. The court has found nothing to suggest that the official forms have the force and effect of the Bankruptcy Code or Rules. Although Rule 1001 refers to the official forms and Rule 9009 implements them, nothing gives the forms the same force as the Rules. Indeed, one editor's comment on Rule 1001 carefully explains to the contrary: "[U]nlike the Rules, the Official Forms do not require approval either by the Supreme Court or by Congress, and while they should be observed and should be used ... they do not have the force of law." Norton Bankr.Rules Pamphlet 1997–1998 Edition, p. 3. The courts that have addressed this issue have agreed with Norton's distinction. *See, e.g., In re Lees,* 192 B.R. 756, 759 (Bkrtcy. D.Mont.1994); *In re Packham,* 126 B.R. 603, 610–11 (Bkrtcy.D.Utah 1991); *In re Curry,* 77 B.R. 969, 970 (Bkrtcy.S.D.Fla. 1987). Finally, 28 U.S.C. § 2075 does not, as debtor contends, provide that the Official Forms are issued by the Supreme Court. Consistent with the above discussion, § 2075 states only that the Bankruptcy Rules are issued by the Supreme Court.

Although unnecessary to the court's decision, it is also worth noting that even if the Official Forms were equivalent to the Bankruptcy Rules, it is not entirely clear that the Official Form 10 *required* FMCC to divide its claim into secured and unsecured component parts. The form merely asks creditors to pick one or more classifi-

cations that best describe their claim. While the form provides space for a creditor to break down its claim into secured and unsecured components, it does not appear to contain the directive that debtor claims. Indeed, it would seem somewhat inequitable to require such a division absent some access to the collateral for appraisal purposes.[2]

Turning to the abuse of process issue, on reconsideration, debtor has offered a number of additional cases to demonstrate the broad range of situations where courts have relied on § 105 for the authority to prevent abuse of the judicial process. *See, e.g., In re Volpert,* 110 F.3d 494 (7th Cir.1997)(sanctions for unreasonably and vexatiously multiplying the proceedings); *In re T.C. Associates L.P.,* 163 B.R. 140 (Bankr.N.D.Ill.1994)(reduction of falsely inflated attorneys fee award); *In re Campbell,* 140 B.R. 35 (Bankr.E.D.N.Y.1992)(sanctions for filing inflated claim for legal fees); *In re Staniforth,* 116 B.R. 127, (Bankr.W.D.Wis.1990)(allowed litigation of a late filed objection to debtor's claim of exemption). While these cases reflect the versatility of § 105 when used in pursuit of its express statutory goals, they do not compel a different outcome in this matter.

■ As discussed in the September 25 Decision, the circumstances of this case do not convince the court that FMCC's claims filing practice amounts to an abuse of process. Although FMCC's outstanding loan balances are not likely to be fully secured, FMCC's practice of choosing the "Secured Claim" box to best describe its entire claim must viewed in context. A proof of claim is merely one step in the claims allowance process established by § 502 of the Code.

---

2. One year after FMCC filed its proof of claim, Official Form 10 was revised. This new form may be less likely to give rise to the type of dispute at issue here. Rather than providing space for breaking down a claim, the new form asks for the full value of a claim regardless of its classification. Then, if there is collateral securing the claim, the form fur-

ther instructs creditors to describe the collateral and provides a line to supply the value of the collateral. Presumably, if a creditor does not know or is unsure of the collateral's value, the creditor can simply indicate its lack of knowledge without compromising its secured claim.

Claims allowance proceedings are separate and distinct from proceedings under Code § 506 which determine the secured status of an allowed claim. *See In re Calvert*, 907 F.2d 1069, 1071 (11th Cir.1990); *In re Busman*, 5 B.R. 332, 339–40 (Bankr.E.D.N.Y.1980)(Prior to any determination of value of collateral under § 506(a), a secured claim must first be allowed under § 502). Thus, at least one appellate court has held that when no objection is raised to a proof of claim, it is only the monetary amount of the claim, not its classification as a secured claim, that is deemed allowed by § 502(a). *In re Bailey*, 1998 WL 403327, at *1 (4th Cir.1998)(unpub.op.). Thus, debtor's ability to challenge the secured classification is not affected by FMCC's claims filing practice even if debtor fails to object to the proof of claim. Moreover, the creditor typically completes Official Form 10 without access to the collateral to determine its true value. Thus, the creditor must guess what portion of its claim remains secured. If the creditor overvalues the secured portion, the debtor can always object to the claim, 11 U.S.C. § 502(b), or seek a hearing to determine what portion of the claim is entitled to secured status, *id.* § 506. Within this context and for the reasons explained in the September 25 Decision, the court remains unwilling to find that it is abusive for a creditor to assert the most advantageous position in its proof of claim.

■ In brief, although § 105 provides the court with broad equitable powers, it does not authorize bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law or to sit as a roving commission to do equity. *See United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir.1986); *Jones v. Internal Revenue Service*, 129 B.R. 1003, 1011 (Bankr. N.D.Ill.), *aff'd*, 134 B.R. 274 (N.D.Ill.1991). None of debtor's cases suggests that § 105 may be used to create the type of independent cause of action for damages and injunctive relief that debtor alleges here.

### B. *Jurisdiction Over Counts II and III*

In the September 25 Decision, the court deferred consideration of the merits of FMCC's motion to dismiss counts II and III pending consideration of the court's jurisdiction over these counts. In order for the court to have jurisdiction over the claims raised in this suit, debtor must establish that her claims fall within the court's jurisdiction over "core proceedings," i.e., those arising under title 11 or arising in cases under title 11, § 157(b), or that they fall within the court's "related to" jurisdiction, i.e., those matters which are related to a case under the Bankruptcy Code. 11 U.S.C. § 157(c). As noted in the September 25 Decision, the resolution of the jurisdictional issue may be different for the individual and the class claims. *See In re Simmons*, 224 B.R. 879, 885 (Bankr.N.D.Ill.1998).

■ Having reviewed the parties' supplemental submissions, the court concludes that it has jurisdiction to hear debtor's individual claims by reason of its "related to" jurisdiction. A claim is related to a bankruptcy case when it may affect either the amount of property available for distribution or the allocation of property among creditors. *In re FedPak Systems, Inc.*, 80 F.3d 207, 213–14 (7th Cir.1996). Debtor's individual recovery in this case may well have such an effect. The same cannot be said, however, about the claims which debtor asserts on behalf of absent class members. The only case before this court is debtor's chapter 13 proceeding. The class claims will not affect the amount of property available for distribution in debtor's case, nor will they affect the allocation of property among debtor's creditors. As a result, "related to" jurisdiction does not support jurisdiction over the class claims alleged herein.

■ Debtor argues that jurisdiction exists over the class claims because they "arise under" federal bankruptcy law. Debtor reasons that the class claims fall within the court's jurisdiction over core

proceedings because their outcome necessarily depends on the resolution of a substantial question of federal law. Debtor is correct that the presence of a substantial question of federal law may establish general federal question jurisdiction over some claims. *See Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 731 (7th Cir.1994). Nevertheless, debtor's argument ignores the fact that bankruptcy jurisdiction is more restrictive. The Seventh Circuit has held that a core proceeding "arises under" title 11 only if it "invokes a substantive right provided by title 11." *See Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990). *Accord, Fisher v. Federal National Mortgage Ass'n*, 151 B.R. 895, 898 (Bankr.N.D.Ill.1993). In other words, a proceeding arises under title 11 only if the cause of action is "created or determined by a statutory provision of title 11." *In re Spaulding & Co.*, 131 B.R. 84, 88 (N.D.Ill.1990).

Debtor has not and cannot point to any statutory section of the Bankruptcy Code that creates, or will determine, the claims alleged in counts II and III. Instead, debtor insists that jurisdiction exists because the claims require "reference to the Bankruptcy Code and implementing rules." The court in *Barnett*, however, made it clear that reference to the provisions and policy of the Bankruptcy Code, alone, is not enough to confer "arising under" jurisdiction. *Barnett*, 909 F.2d at 981 (RICO claim brought by trustee of bankruptcy estate did not "arise under" title 11, even though it accrued while the bankruptcy was pending and involved the trustee's rights under the Bankruptcy Code). *See also, Spaulding*, 131 B.R. at 88 (third party claim for indemnification for losses incurred in setting aside transfer of inventory was a cause of action created or determined by state law, not by title 11). In sum, although counts II and III allege that fraudulent conduct occurred during a bankruptcy proceeding, at heart these counts assert causes of action that are created and will be determined by state law. The court concludes, therefore, that the class claims contained in counts II and III do not arise under title 11. This court has no jurisdiction over them.

### Conclusion

For the foregoing reasons, debtor's motion to reconsider the dismissal of count I of debtor's adversary complaint is denied. Defendant's motion to dismiss is granted with respect to the class claims contained in counts II and III. The defendant's motion to dismiss the individual claims contained in counts II and III is taken under further advisement regarding defendant's challenge to the substance of those claims.