ELECTRONIC CITATION:  2000 FED App. 0011P (6th Cir.)
File Name:  00b0011p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  TIMOTHY SCOTT CASSELL, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN C. TIMMONS, et al., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | No. 00-8037 |
| | ) | |
| TIMOTHY SCOTT CASSELL, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
No. 99-52491

Submitted on Briefs: October 4, 2000

Decided and Filed:  November 6, 2000

Before:  MORGENSTERN-CLARREN, RHODES, and STOSBERG,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF:  David G. Korn, Columbus, Ohio, for Appellee.  Ann T. Root, Columbus, Ohio, pro se, Pryor B. Timmons, Jr., Hilliard, Ohio, pro se, John C. Timmons, Lockbourne, Ohio, pro se.

––––––––––––––––––––––

## OPINION

––––––––––––––––––––––

PAT E. MORGENSTERN-CLARREN, Bankruptcy Appellate Panel Judge. The bankruptcy court sanctioned John Timmons, Ann Root, and Pryor Timmons (the "Timmons Heirs" or the "Heirs")[1] under Bankruptcy Rule 9011 for their conduct in connection with the filing of a claim in this Chapter 13 case. The Timmons Heirs appeal that decision. The Panel has determined after examining the briefs, appendix, and record that oral argument is not needed. FED. R. BANKR. P. 8012. For the reasons stated below, the Panel concludes that the bankruptcy court abused its discretion in imposing sanctions, and so we **REVERSE**.

## I. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction over this appeal from a final order of the United States Bankruptcy Court for the Southern District of Ohio. 28 U.S.C. §§ 158(a)(1) and (c). Decisions regarding the imposition of sanctions under Bankruptcy Rule 9011 are reviewed for an abuse of discretion. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693 (6th Cir. 1999). A bankruptcy court "abuses its discretion if it bases its conclusion on an erroneous version of the law or on a clearly erroneous assessment of the evidence." *Silverman v. Mutual Trust Life Ins. Co. (In re Big Rapids Mall Assocs.)*, 98 F.3d 926, 930 (6th Cir. 1996). The overall question is whether the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment, using the reasonable person standard. *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604 (6th Cir. 2000).

––––––––––––––––––––––

[1] The Timmons Heirs are heirs (through their parents' pending probate estates) to rental property which was leased by the Debtor.

2

## II. ISSUE ON APPEAL

The issue is whether the bankruptcy court's decision to sanction the Heirs under Bankruptcy Rule 9011 was an abuse of its discretion.

## III. FACTS

Prepetition, the Debtor rented a house from the Timmons Heirs under an oral lease. John Timmons was primarily responsible for the rental relationship with the Debtor. The Debtor filed his Chapter 13 case on March 22, 1999 and the court set a bar date for filing proofs of claim. The Timmons Heirs regained possession of the house at some point between the case filing date and the bar date.

John Timmons, on behalf of the Heirs, signed and filed a timely proof of claim. The claim totaled $7,750 and set forth specific amounts for rent (calculated at $300 a month for 11.5 months), property damage allegedly caused by the Debtor, loss of rental income, and property clean-up ($200), without attaching any supporting documents. The Heirs had not yet begun to repair the house at the time the original claim was filed. The Debtor objected to the claim as filed, but "recommended" that it be allowed in the amount of $896 ($600 for two months rent, $96 for window damage, and $200 for property clean-up). The Debtor did not dispute that he had stopped paying rent prepetition. He asserted, however, that the additional amounts for rent and property damage should be disallowed because the house was uninhabitable and any damage resulted from landlord neglect.

Later, after the property repairs were underway, all three Heirs signed and filed an amended claim in the amount of $6,173.45.[2] They attached receipts for some of the repair expenses and identified other claim amounts as estimated because the repair work was in process. The Heirs also stated that they were doing other work to improve the house and that these repairs were not chargeable to the Debtor. They reduced the amount attributable to property damage, which explains the lower claim amount.

---

[2] The document is titled "Claimants['] Receipts for Repairs." The three Heirs signed this in compliance with the court's ruling that John Timmons, a non-lawyer, could only represent himself. They all acted pro se throughout these proceedings.

The bankruptcy court held an evidentiary hearing on the objection to claim, at which time the Heirs argued that the Debtor caused the property damage when he allowed the pipes to freeze and the Debtor argued that the damage resulted from the Heirs' failure to maintain the property. The court partially allowed the claim in the amount of $459 ($259 for window damage and $200 for clean-up). All other amounts were disallowed because the court found that the Heirs did not prove their claim and that the Debtor did not have to pay any rent because of the property's poor condition, which the court attributed to the Heirs.[3]

The bankruptcy court then issued a show cause order that required the Timmons Heirs to:

> show cause why they should not be sanctioned for failure to have evidentiary support for all of their factual contentions contained in their Proof of Claim and to establish that their claim was not filed to harass, cause unnecessary delay or needless increase in litigation costs as contemplated by FRBP 9011(b).

*In re Cassell*, No. 99-52491, Order to Show Cause for Imposition of Sanctions at 1-2 (Bankr. S.D. Ohio Dec. 1, 1999). The court held a hearing on this order and issued a written opinion. After reviewing its original decision concerning the claim and the law surrounding Bankruptcy Rule 9011, the court concluded that sanctions should be imposed because:

> a reasonable inquiry was not made prior to the filing of the claim, and that indeed Mrs. Root and Mr. Pryor Timmons did not have any independent knowledge of the contents of their own claim. A reasonable inquiry would have dictated some explanation for the contractual basis for the claimed rental arrearage and the provision of invoices and/or receipts to evidence claimed damages and cleaning expenses. Finally, a reasonable inquiry on the part of the Timmons Heirs should have included some knowledge and recognition of the

---

[3] This Panel affirmed the claim decision in *Timmons v. Cassell (In re Cassell)*, Nos. 00-8009 and 00-8010 (B.A.P. 6th Cir. June 19, 2000) on the grounds that the factual findings were not clearly erroneous and Ohio landlord-tenant law supported the legal conclusion that no rent was due because of the property's condition.

4

extremely poor condition of the home due to its age and significant structural problems. The Timmons Heirs simply filed a claim, and what ensued was the previously detailed flurry of litigation. The scope and intensity of litigation could have been reduced had the Timmons Heirs gathered and filed with their claim supporting data and scrutinized the condition of the home to determine what damages could fairly be attributed to the Debtor.

*In re Cassell*, No. 99-52491, Order Imposing Sanctions at 6-7 (Bankr. S.D. Ohio Mar. 6, 2000). The court sanctioned the Heirs by awarding the Debtor attorney fees and his lost wages for attending hearings and striking the previously-allowed claim. The Heirs argue that the court made a clearly erroneous assessment of the evidence and abused its discretion in imposing sanctions. The Debtor contends that the decision was within the bankruptcy court's discretion.

## IV. DISCUSSION

### Federal Rule of Bankruptcy Procedure 9011

The bankruptcy court relied on these provisions of Bankruptcy Rule 9011:

(b)     Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –

(1)     it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

\* \* \*

(3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

FED. R. BANKR. P. 9011(b)(1) and (3). Proofs of claim must meet the standards of this Rule. *See Knox v. Sunstar Acceptance Corp. (In re Knox),* 237 B.R. 687, 697 (Bankr. N.D. Ill. 1999).

The Sixth Circuit has held that:

> the test for imposing Rule 9011 sanctions is whether the individual's conduct was reasonable under the circumstances. In applying this test, the bankruptcy court "is not to use the benefit of hindsight but 'should test the signer's conduct by inquiring what was reasonable to believe at the time the . . . [claim] . . . was submitted.'"

*Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 481 (6th Cir. 1996) (quoting *McGhee v. Sanilac County*, 934 F.2d 89, 93 (6th Cir. 1991) (internal citation omitted)). Factors to consider in making this determination include the amount of time available for investigation, the nature of the investigation, and whether the claim is based on a plausible view of the law. *Davis v. Crush,* 862 F.2d 84, 88 (6th Cir. 1988).

Rule 9011 also imposes a continuing responsibility to review and reevaluate pleadings and modify them when it is appropriate. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) ("In *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988), this court stated that 'the reasonable inquiry under Rule 11 is not a one-time obligation.' '[T]he plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11.' *Id*. at 335-36.").

**The Bankruptcy Court Decision**

The bankruptcy court found that the Timmons Heirs filed their claim without making the reasonable inquiry required by Rule 9011 and that by doing so they unnecessarily increased the costs of litigation for the purpose of obtaining higher payment. The Panel concludes that this decision was an abuse of discretion because it is based on a clearly erroneous assessment of the evidence.

In concluding that the Heirs did not make a reasonable inquiry, the court found that if they had investigated they would have been able to explain the contractual basis for the

rent claim. The record clearly shows, however, that the Heirs did explain the contractual basis, which was that they had an oral contract at $300 a month rent and the Debtor had stopped paying rent. There was no written documentation that could have been attached to the claim because the agreement was oral. The Debtor did not dispute these positions and they were factually well-grounded when the claim was filed.

With respect to the $200 claim for clean-up costs, the court cited the Heirs' failure to provide invoices or other documents. The Debtor, however, acknowledged in his objection that he owed the $200. No documentation or other proof was needed.

The court also faulted the Heirs for not documenting their property damage claim when the claim was filed. The court did not consider, however, that they could not have attached repair invoices or receipts to the original claim because they had not yet begun to repair the property. The court also did not consider that after the repairs were underway, the Heirs amended the claim to provide some receipts and to explain why other items were estimated. They also acknowledged at that time that certain repair work was not attributable to the Debtor. The Heirs stated at the show cause hearing that they did not have additional invoices or receipts because the repairs were being done by a person who was living rent-free on the property in exchange for the repair work. These uncontested statements explain the reasonable basis for the Heirs' factual position and the court did not find them to lack credibility. Viewing the issue as of the time that the claim was submitted and amended, the record clearly shows that the Heirs made a reasonable inquiry under the circumstances and had evidentiary support for their position.

The court also held that a reasonable pre-filing inquiry would have included recognition by the Timmons Heirs that the house was in poor condition due to age and structural problems, rather than to the Debtor's actions. Again, the reasonableness of the Heirs' conduct must be examined without the benefit of hindsight. The parties agreed from the outset that there were major problems with the house, although they disagreed as to who was responsible for its condition. The Heirs contended that the Debtor caused the problems by failing to maintain the heat and the Debtor claimed that the problems resulted when the Heirs failed to make necessary repairs. As noted above, the Debtor himself admitted from the outset that he owed some amounts for property damage and clean-up.

And the Heirs did reduce their damage claim as they began to do the repairs. They also recognized in the amended filing that they needed to do some improvements at their own expense. The facts clearly show that the Heirs did consider what damages were attributable to the Debtor, and that they did have a factual basis for their position, even though the court did not ultimately agree with their assessment when it concluded that the Debtor was responsible for only a small part of the damage.

Finally, the bankruptcy court found that two of the Timmons Heirs did not make a reasonable inquiry because they did not have independent knowledge about their claim. These two Heirs correctly point out that they did not sign or advocate the original claim; they only signed the amendment. The court did not consider that, in pursuing the amended claim, these two Heirs relied on the personal knowledge of the third claimant (their brother) who was primarily responsible for the rental relationship with the Debtor. The court did not make any findings as to why that reliance was not reasonable under the circumstances or why it established sanctionable conduct.

The Heirs were, no doubt, doggedly persistent in the belief that their claim should be allowed for a greater amount than the court ultimately awarded. The Panel has a definite and firm conviction, however, that the finding that the Heirs did not make a reasonable inquiry under the circumstances and did not have evidentiary support for their position is a clearly erroneous assessment of the evidence. As a result, the bankruptcy court abused its discretion in imposing Rule 9011 sanctions.

## V. CONCLUSION

The bankruptcy court's decision to impose sanctions under Bankruptcy Rule 9011 is **REVERSED**. Having concluded that no basis exists to award sanctions, the Panel will not address the remaining issues raised by the Timmons Heirs.

8