**In re Rodney DANSEREAU and Hiltrude Dansereau, Robert Morgan and Tracy Krings, Michael Madrid and Liselotte Madrid, Christopher Hoffman and Rochelle Hoffman, Joan Rosenbrock, Willie Lee Hodges and Dyrenda Tutavena Hodges, Demetrius Dudley Davis and Mary Ann Davis, Debtors.**

No. 01–61970–LEK, 01–61996–LEK, 01–62054–LEK, 01–62148–LEK, 01–62150–LEK, 01–62243–LEK, 01–62403–LEK.

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

Feb. 21, 2002.

William B. Phillips, Rachelle Crouch, Smith & Carlson, PC, Killeen, TX, James O. Cure, Temple, TX, James C. Herring & Assoc., Waco, TX, for debtors.

G. Ray Hendren, Austin, TX, Chapter 13 Trustee.

Ronald E. Pearson, Temple, TX, for claimant.

### ORDER ALLOWING CLAIMS OF CASH N ADVANCED [1] AND/OR CASH IN ADVANCE [1] AS GENERAL UNSE- CURED CLAIMS IN THE AMOUNT OF $1.00

1. In the Dansereau case and in the Morgan and Krings case, the claimant listed its name as "Cash N Advanced" at 2127 E. Hwy. 190, Copperas Cove, TX 76522. In all other cases, it listed its name as "Cash in Advance" at 404 W. Rancier Ave., Killeen, TX 76541. Counsel for the claimant(s) did not differentiate between the two at the hearing, and the court has assumed that the two names represent the same or related entities.

JOHN C. AKARD, Bankruptcy Judge.[2]

On February 5, 2002, came on for hearing the court's Order to Show Cause why the claims filed by Cash N Advanced and/or Cash in Advance (the "Claimant"[1]) in the above Chapter 13 cases should not each be reduced to $1.00. In each of the cases, the Claimant asserted, without apparent factual or legal basis, a priority status for its claim, which it described as being the result of the debtors' NSF checks to it.

At the hearing, counsel for the Claimant appeared as did the various debtors' counsel and the Chapter 13 Trustee. No testimony or other evidence was presented by the Claimant. Its counsel did not dispute that there was no basis for claiming priority status for its claims. Instead, counsel argued that this court should not or could not reduce the amount of the claim because the Order to Show Cause represented an attempt to exercise criminal contempt powers not within this court's jurisdiction, because the Claimant was entitled to and demanded a jury trial, and/or because there was no evidence that the Claimant had intentionally filed the claims knowing that there were no grounds for priority status.

After consideration of the arguments and such evidence as was presented, including that of which the court takes judicial notice, and for the reasons stated orally on the record, the court found and ordered that each claim would be reduced to $1.00.

In summary, the number of claims filed as priority claims by the Claimant establishes a pattern, indicating that such filings were not the result of mere typos or misunderstandings of the form. On the contrary, the Official Form for the proof of claim used by the Claimant (Exh. T–1) in each case gave sufficient notice and an explanation of the distinction between a general unsecured claim and a priority unsecured claim, so as to put the Claimant on notice of that distinction. *See Lenior v. GE Capital Corporation (In re Lenior)*, 231 B.R. 662, 672 (Bankr.N.D.Ill.1999) (where the proof of claim form explained that a secured claim should be bifurcated into secured and unsecured claims based on the value of the collateral, and the claimant did not do so, sanctions under Fed.R.Bankr.P. 9011 may be imposed).

■ Rule 9011 provides that

[b]y presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

Rule 9011 applies to proofs of claim filed in bankruptcy cases. *Timmons v. Cassell (In re Cassell)*, 254 B.R. 687, 691 (6th Cir. BAP 2000); *accord, Knox v. Sunstar Acceptance Corp. (In re Knox)*, 237 B.R. 687, 697 (Bankr.N.D.Ill.1999); *e.g., In re McAllister*, 123 B.R. 393 (Bankr.D.Or.1991) (Rule 9011 sanctions imposed against Oregon Department of Revenue which filed proof of claim for income taxes allegedly owed by debtor when taxes were not in fact owed) *and Hamilton v. United States (In re Hamilton)*, 104 B.R. 525 (Bankr.

---

**2.** United States Bankruptcy Judge (retired), recalled for service in the Western District of    Texas.

M.D.Ga.1989) (Rule 9011 sanctions imposed upon the IRS for filing a proof of claim for taxes not owed, that claim having been filed without prior reasonable inquiry).

■ "The standard used to determine whether a party made a reasonable inquiry before filing a claim is the reasonableness of its conduct under the circumstances." *Lenior,* 231 B.R. at 672; *Cassell,* 254 B.R. at 691. After noting that the proof of claim form used by the claimant instructed that the claim be bifurcated according to the value of the collateral, the court indicated that the claimant may be sanctioned under Rule 9011 if the evidence showed that there was no factual basis to support the allegedly fully secured status of the claim. *Lenior* at 672.

■ In this case, counsel for the Claimant did not dispute that there was no basis for the alleged priority status of the claims. Under these circumstances, a claimant's use of a proof of claim form that contains instructions on how to fill it out may be evidence that the claimant "neglected their obligations to make reasonable inquiry" before filing the claim, resulting in sanctions against the claimant. *Id.* Here, the repeated filing by Cash N Advanced and/or Cash in Advance of priority claims using the Official Form and without any legal or factual basis for that priority status cannot be said to be inadvertent or innocent. Whether that filing was intentional or merely reckless, it is clear that the Claimant neglected its obligation to make reasonable inquiry into the status of its claims before it filed them.

■ Under 11 U.S.C. § 105 "the court may issue any order ... that is necessary or appropriate to carry out the provisions of ... title [11 of the United States Code]."

> Section 105(a) simply authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code. The section is described in the legislative history as being 'similar in effect to the All Writs Statute.' Thus, it authorizes bankruptcy courts to issue injunctions and take other necessary steps in aid of their jurisdiction.

*United States v. Sutton,* 786 F.2d 1305, 1307 (5th Cir.1986). Section 105 permits courts to impose contempt sanctions in certain circumstances. *Holloway v. Household Automotive Finance Corporation,* 227 B.R. 501, 504–05 (N.D.Ill.1998).

■ The claims filed by the Claimant in these cases required the Trustee and/or the Debtors to file objections to them, resulting in added costs and time for the parties and the court. An order sanctioning Cash N Advanced and Cash in Advance for filing these claims and enjoining them from future such filings is appropriate and necessary to carry out the Bankruptcy Code's provision that a claim is allowed as filed unless objected to.[3] 11 U.S.C. § 502(a). This court has the power to control its docket and to prevent abuses

---

3. This court respectfully disagrees with *In re Simmons,* 237 B.R. 672, 676 (Bankr.N.D.Ill. 1999), where the court found that it had no authority under § 105 to sanction a party for consistently filing proofs of claim that did not bifurcate claims into secured and unsecured claims. The *Simmons* court noted that the debtor in that case "simply ha[d] not shown" that her adversary complaint for damages and to enjoin further filings would fulfill either of the two goals of § 105: to carry out the provisions of the Bankruptcy Code or Rules, or to prevent an abuse of process. *Id.* at 674. The court, at least in part, reasoned that sanctions or an injunction was not necessary to carry out any Bankruptcy Code provision or Rule, because no objection to the allegedly fully secured claim was required for the debtor or trustee to treat it as partially unsecured. *Id.* at 675 ("debtor's ability to challenge the secured classification is not affected by [the claimant's] claims filing practice even if debt-

of that docket such as has been caused by Cash N Advanced's and/or Cash in Advance's groundless assertion of priority status for the claims in these cases.

 Therefore, based on § 105 or, alternatively, under Fed.R.Bankr.P. 9011 the court finds that the claims of Cash N Advanced and/or Cash in Advance in each of the above-referenced cases should each be reduced to $1.00 and allowed as a general unsecured claim. The court further finds that Cash N Advanced and Cash in Advance should be enjoined from filing such claims in the future.

IT, THEREFORE, ORDERED that the claim(s) of Cash N Advanced and/or Cash in Advance in each of the above-referenced cases shall be ALLOWED as general unsecured claims in the amount of $1.00 each.

IT IS FURTHER ORDERED that Cash N Advanced and Cash in Advance, and all their employees, agents and any and all persons acting on behalf of either or both of them, are hereby ENJOINED from filing in any case before this court any proof of claim alleging a priority status for the claim, unless the proof of claim also provides the factual and legal basis for such priority status as provided in 11 U.S.C. 507.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this order on each of the persons named on the attached list, at the addresses provided therein.[4]

---

or fails to object to the proof of claim"). This is clearly not the law in the Fifth Circuit with regard to secured claims. *See Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir.1985). In any event, this court finds that the claims of Cash N Advanced and Cash in Advance would have been entitled to priority treatment unless objections to the claims were filed, and therefore an order under § 105 is warranted.

4. This Order will be published.